UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:22-cv-00256-RJC
(3:18-cr-00075-RJC-DCK-1)

| | |
|---|---|
| SURRELL M. DUFF, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's Pro Se Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 [CV Doc. 1][1] and Petitioner's Motion to Add Supporting Documents [CV Doc. 2].

## I. BACKGROUND

On February 21, 2018, Pro Se Petitioner Surrell M. Duff ("Petitioner") was charged in a Bill of Indictment with one count of crack cocaine trafficking conspiracy in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count One) and one count of possession with intent to distribute crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Count Two). [CR Doc. 3: Indictment]. Petitioner agreed to plead guilty to Count One and the Government agreed to dismiss the remaining charge in the Indictment. [CR Doc. 17: Plea Agreement]. The plea agreement also provided that the Government had filed an Information pursuant to 21 U.S.C. § 851 regarding one prior felony, which would have subjected Petitioner to a 20-year mandatory minimum sentence.

---

[1]Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV," denoting that the document is listed on the docket in the civil case file number 3:22-cv-00256-RJC, or the letters "CR," denoting that the document is listed on the docket in the criminal case file number 3:18-cr-00075-RJC-DCK-1.

The Government agreed, however, that if Petitioner complied with all terms of his plea agreement, it would withdraw the § 851 enhancement at the time of sentencing. Without the § 851 enhancement, Petitioner faced a mandatory minimum sentence of 10 years. [Id. at 2]. On May 8, 2018, Petitioner pleaded guilty in accordance with the plea agreement, [CR Doc. 18: Acceptance and Entry of Guilty Plea], and a United States Magistrate Judge accepted Petitioner's guilty plea after conducting a thorough plea colloquy, during which Petitioner was represented by counsel. [See id.]. On April 5, 2019, after withdrawal of the § 851 enhancement, the Court sentenced Petitioner to a term of imprisonment of 120 months to be served consecutively to any terms of imprisonment imposed in Case No. 3:09-cr-82 pending in the Western District of North Carolina.[2] [CR Doc. 29 at 2: Judgment]. Judgment on Petitioner's conviction was entered on May 1, 2019. [Id.]. Petitioner did not directly appeal his conviction.

On November 5, 2019, Petitioner filed a motion to vacate pursuant to 28 U.S.C. § 2255. [Civil Case No. 3:19-cv-599-RJC, Doc. 1; see id., Docs. 3, 4, 5]. Petitioner argued that (1) his counsel advised him to sign a plea when he insisted on going to trial; (2) his counsel failed to file a motion to suppress evidence, which was obtained in violation of Petitioner's Fourth Amendment rights because Petitioner was illegally arrested; and (3) Petitioner was sentenced under a "false" drug quantity because his counsel failed to argue drug quantity, even though Petitioner told her "his amount was wrong." [Id., Doc. 4 at 4-7]. The Court denied and dismissed Petitioners motion to vacate on the merits. [Id., Doc. 6]. The Fourth Circuit dismissed Petitioner's appeal from the denial of his motion to vacate. [Id., Doc. 11]. While Petitioner's appeal was stayed pending his

---

[2] Petitioner also faced conviction on a supervised release violation Petition in Criminal Case No. 3:09-cr-82. As part of the plea agreement, the parties agreed that any term imposed in that matter would be served consecutively to any term imposed in Criminal Case No. 3:18-cr-75. [CR Doc. 17 at 1].

2

petition for rehearing, he filed a "Motion Pursuant to 60(b)(2)" with this Court, which the Court construed as an unauthorized, successive petition and dismissed. [Id., Docs. 21, 22].

Petitioner has now filed another pro se motion to vacate pursuant to § 2255. [CV Doc. 1]. Petitioner claims that this most recent motion to vacate is "timely filed under 2255(f)(4)" because the purported newly discovered evidence he presents "is of such magnitude that production of it earlier would have been likely to change the disposition of the case." [Id. at 1]. Plaintiff argues that he was not provided with his case file until May 3, 2021 and that, on July 10, 2021, he "discovered that it was error for [the] plea agreement to require 20 year mandatory minimum sentence for 851 enhancement and counsel had been ineffective for failing to identify this error." [Id. at 3]. Petitioner states that, "[w]ith the passing of the First Step Act, [he] was no longer facing a 20 year mandatory minimum sentence at trial but 15 years" and his attorney was ineffective for failing to recognize this.[3] Petitioner, ignoring the timing of the First Step Act relative to his guilty plea, claims that, had his attorney identified this error, he would have refused the plea and chosen to go to trial. [Id. at 3]. Petitioner asks for his conviction to be vacated and his guilty plea withdrawn. [Id. at 7]. Petitioner also asks the Court to appoint counsel for him. [Id.]. Petitioner, however, provides no evidence that he has obtained authorization from the Fourth Circuit to file a successive motion to vacate pursuant to § 2255.

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts

---

[3] The First Step Act of 2018 became effective on December 21, 2018, after Petitioner pleaded guilty but before he was sentenced and before his first motion to vacate. Petitioner has not sought a sentence reduction in his criminal proceedings based on the changes to drug mandatory minimum penalties under the First Step Act, [see CR Doc. 37: Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Compassionate Release)], and the Statement of Reasons entered with Petitioner's Criminal Judgment noted that "the withdrawal of the § 851 Enhancement also eliminated any possible First Step Act issues." [CR Doc. 30 at 1].

3

Case 3:22-cv-00256-RJC   Document 4   Filed 08/08/22   Page 3 of 5

are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that no response is necessary from the United States. Further, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

### III. DISCUSSION

The Antiterrorism and Effective Death Penalty Act provides, in relevant part, that before a prisoner may file a second or successive motion under § 2255 challenging his federal criminal judgment(s), he first must obtain authorization to do so from the appropriate circuit court of appeals. 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). A district court lacks jurisdiction to consider a second or successive § 2255 motion unless the motion has been certified in advance by the appropriate appellate court. See § 2255(h); United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003).

Petitioner provides no evidence that he has obtained authorization from the Fourth Circuit to file a second or successive § 2255 motion. Consequently, the Court lacks jurisdiction to consider the instant motion to vacate, and it must be dismissed. See Winestock, 340 F.3d at 205.

### IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Petitioner's motion to vacate pursuant to § 2255 for lack of jurisdiction because the motion is a successive petition and Petitioner has not first obtained permission from the Fourth Circuit Court of Appeals to file the motion. The Court, therefore, also denies Petitioner's request for counsel.

4

Case 3:22-cv-00256-RJC   Document 4   Filed 08/08/22   Page 4 of 5

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion Pursuant to 2255(f) [Doc. 1] is **DENIED** and **DISMISSED** as a successive petition.

2. Petitioner's Motion to Add Supporting Documents [Doc. 2] is **DENIED** as moot.

3. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: August 8, 2022

Robert J. Conrad, Jr.
United States District Judge